# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joshua D. Goodew,

      Plaintiff,

v.

                                      Civil No. 10-702 (JNE/FLN)
                                      ORDER

McKinley Medical LLC, Moog Inc., and
Curlin Medical, Inc.,

      Defendants.

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota presumably to take advantage of Minnesota's generous statute of limitations despite having no discernable connection to Minnesota. *See Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004). In his Complaint, Plaintiff Joshua Goodew alleges that he is a citizen of North Carolina; that McKinley Medical LLC is a Colorado corporation whose principal place of business is in Colorado;[1] that Moog Inc. is a New York corporation whose principal place of business is in New York; and that Curlin Medical, Inc., is a Delaware corporation whose principal place of business is in California. Plaintiff had shoulder surgery in North Carolina in April 2007. He now sues for damages he allegedly sustained from a pain pump that continuously injected anesthetic into his shoulder joint following the surgery. Because of this action's apparent lack of connection to Minnesota, the Court ordered the parties to brief the propriety of transfer under 28 U.S.C. § 1404(a) (2006).

---

[1] In its Answer, McKinley Medical "admits that [it] is a Colorado corporation with its principal place of business located in Colorado." The appearance of "LLC" in McKinley Medical's name indicates that McKinley Medical is a limited liability company. *See* Colo. Rev. Stat. § 7-90-601(3)(c) (2010).

Plaintiff opposes transfer.  Defendants maintain that transfer to the United States District Court for the Eastern District of North Carolina is warranted.

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case.  *See, e.g.*, *Smith v. Stryker Corp.*, Civ. No. 10-710, 2010 WL 2985694 (D. Minn. July 26, 2010); *Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 WL 2985719 (D. Minn. July 26, 2010).  The Court agrees with the reasoning and conclusion of those cases.  *See Bodtke v. Stryker Corp.*, Civ. No. 10-579 (D. Minn. Aug. 11, 2010); *Coccodrilli v. I-Flow Corp.*, Civ. No. 10-2083 (D. Minn. Aug. 11, 2010); *Fochs v. DJO, LLC*, Civ. No. 10-1950 (D. Minn. Aug. 11, 2010).  Consequently, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of North Carolina.[2]  Therefore, IT IS ORDERED THAT:

1.    This action is transferred to the United States District Court for the Eastern District of North Carolina.

2.    The Clerk of Court is directed to effect the transfer.

Dated:  October 19, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2]    Because Plaintiff filed suit in Minnesota, the Minnesota statute of limitations will continue to govern this action in the transferee court as long as Plaintiff is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding a § 1404(a) transfer does not change the law applicable in a diversity case).